# NOS. 12-21-00232-CR
# 12-21-00233-CR
# 12-21-00234-CR
# 12-21-00235-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *ANTIONE THOMAS,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Antione Thomas, acting pro se, filed this original proceeding in which he complains of Respondent's failure to rule on his motion for speedy trial and his letter seeking new appointed counsel.[1]

However, Relator is represented by counsel. Thus, he is not entitled to hybrid representation and a trial court may disregard any pro se motions filed by a defendant who is represented by counsel. *See **Robinson v. State***, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *see also **In re Adkins***, No. 12-15-00135-CR, 2015 WL 3505202, at *1 n.1 (Tex. App.—Tyler June 3, 2015, no pet.) (mem. op., not designated for publication).

Moreover, "If a party properly files a motion with the trial court in a criminal case, the court has a ministerial duty to rule on the motion within a reasonable time after the motion has been submitted to the court for a ruling or after the party has requested a ruling." ***In re Gomez***, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). To obtain a writ

---

[1] Respondent is the Honorable Austin R. Jackson, Judge of the 114th District Court in Smith County, Texas. The State of Texas is the Real Party in Interest.

of mandamus in this context, the relator must show that the trial court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.–San Antonio 2003, orig. proceeding). A trial court cannot be expected to consider a motion not called to its attention. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). It is incumbent upon the relator to establish that the motion has been called to the trial court's attention. *See id.*

Relator has not shown that his motion for speedy trial and request for appointment of new counsel was brought to Respondent's attention. Neither his motion nor letter is file-stamped; thus, the record does not indicate if or when the documents were filed with the district clerk. Nor does Relator's petition contain evidence, such as a docket sheet, demonstrating that the trial court has not ruled on his motion or request for new counsel. *See In re Creag*, No. 12-17-00191-CV, 2017 WL 2665987, at *1 (Tex. App.—Tyler June 21, 2017, orig. proceeding) (mem. op.); *see also In re Vasquez*, No. 05-15-00592-CV, 2015 WL 2375504, at *1 (Tex. App.—Dallas May 18, 2015, orig. proceeding) (mem. op.) (denying petition that failed to include a docket sheet or other form or proof that trial court had not ruled on motion). A relator's statement that a document was properly filed with the clerk is an insufficient basis from which to reasonably infer that the trial court had notice of that document and the need to act on it. *See In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) (trial court not required to consider motion not called to its attention; even showing motion was filed with clerk does not prove motion was brought to trial court's attention or was presented to trial court with request for ruling); *see also Chavez*, 62 S.W.3d at 228 (clerk's knowledge not imputed to trial court). Under these circumstances, Relator has not established his entitlement to mandamus relief. *See In re Wheeler*, No. 12-18-00127-CR, 2018 WL 2440464, at *1-2 (Tex. App.—Tyler May 31, 2018, orig. proceeding) (mem. op., not designated for publication) (denying mandamus relief when relator failed to show that he called motion for DNA testing to respondent's attention). Accordingly, we ***deny*** Relator's petition for writ of mandamus.

Opinion delivered January 26, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 26, 2022**

**NO. 12-21-00232-CR**

**ANTIONE THOMAS,**
Relator
V.

**HON. AUSTIN R. JACKSON,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Antione Thomas; who is the relator in appellate cause number 12-21-00232-CR and the defendant in trial court cause number 114-0439-21, pending on the docket of the 114th Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on December 17, 2021, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 26, 2022**

**NO. 12-21-00233-CR**

**ANTIONE THOMAS,**
Relator
V.

**HON. AUSTIN R. JACKSON,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Antione Thomas; who is the relator in appellate cause number 12-21-00233-CR and the defendant in trial court cause number 114-0440-21, pending on the docket of the 114th Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on December 17, 2021, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 26, 2022**

**NO. 12-21-00234-CR**

**ANTIONE THOMAS,**
Relator
V.

**HON. AUSTIN R. JACKSON,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Antione Thomas; who is the relator in appellate cause number 12-21-00234-CR and the defendant in trial court cause number 114-0441-21, pending on the docket of the 114th Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on December 17, 2021, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 26, 2022**

**NO. 12-21-00235-CR**

**ANTIONE THOMAS,**
Relator
V.

**HON. AUSTIN R. JACKSON,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Antione Thomas; who is the relator in appellate cause number 12-21-00235-CR and the defendant in trial court cause number 114-0442-21, pending on the docket of the 114th Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on December 17, 2021, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*